UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL PHILIPS                          CIVIL ACTION

VERSUS                                   NUMBER: 05-1694

WARDEN BURL CAIN                         SECTION: "R"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Michael Philips, and the State's Response. (Rec. docs. 1,9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Philips' petition be dismissed with prejudice.

Petitioner Philips is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 5, 1988, Philips pled guilty to first degree murder in the Twenty-Fourth Judicial District Court of the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Philips did not

directly appeal his conviction or sentence.  Accordingly, his conviction and sentence became final five days later, on February 10, 1988, when the five-day appeal time prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired and no application therefor was made. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires.").[1]

On July 12, 1988, Philips filed a 42 U.S.C. §1983 proceeding in this Court in which he complained of unlawful arrest, search, and seizure and a coerced confession.  Philips v. Corley, CA 88-2558 "D"(5).  On July 19, 1989, judgment was entered dismissing Philips' habeas-related claims for failure to exhaust available state court remedies; the §1983 claims were dismissed with prejudice.  Id.

On August 30, 1988, Philips filed with the state district court a "Uniform Application for Post-Conviction Relief" setting forth eight claims for relief.  On October 6, 1988, the court issued an order reiterating Philips' claims and denying relief with respect to each one.[2]  On November 8, 1988, the Court of Appeal, Fifth Circuit, for the State of Louisiana ruled that Philips was

---

[1] In 2003, Article 914(B)(1) was amended and presently provides a thirty-day period within which one may timely appeal his conviction.

[2] Copies of Philips' post-conviction application and the state court's order are contained in the St. rec., vol. 2 of 5.

not entitled to an appeal.  <u>State v. Philips</u>, 88-KH-773 (La. App. 5th Cir. November 8, 1988)(unpublished court decision).[3]

On October 3, 1991, Philips submitted a second filing to the state district court, again utilizing a "Uniform Application for Post-Conviction Relief" form.  However, unlike with his 1988 application, Philips, this time, set forth no claims for relief. Instead, he sought an extension of time to seek post-conviction relief, submitting, simultaneously with his application form, a "Motion for Extension of Time" seeking an extension of his deadline under La.C.Cr.P. art. 930.8 for obtaining post-conviction relief. On November 14, 1991, the trial court issued an order denying Philips the relief he sought, explaining that La.C.Cr.P. art. 930.8, which sets forth the applicable time limit, "does not contain any provision allowing extensions of time to be granted."[4] Again, Philips did not seek relief from the state appellate court in connection with this adverse ruling.

On or about June 19, 1996, Philips filed a "Petition for Production of Public Records" in which he sought various documents related to his criminal case.  On June 25, 1996, the trial court

---

[3]Strangely Philips appears to have tendered his pleadings initially to the U.S. Fifth Circuit Court of Appeal which tribunal referred it back to the correct State appeal court.  In any event what the state appellate tribunal ruled upon was a petition for post conviction relief, presumably Philips' August 30, 1988 filing referenced hereinabove.

[4]A copy of Philips' filings and the district court's order are contained in the St. rec., vol. 2 of 5.

granted Philips' motion in part and denied it in part, ordering that he be provided with a copy of all minute entries.[5]

In October, 1998, Philips filed a petition for writ of mandamus with the Louisiana Fifth Circuit Court of Appeal alleging that a motion for production of documents that he had purportedly filed in the trial court on August 24, 1998 had not been acted upon.  On November 13, 1998, the Fifth Circuit denied that petition based on the trial court's representation that the record contained no such motion.  Philips v. State, No. 98-KH-1059 (La. App. 5th Cir. Nov. 13, 1998) (unpublished order).  In connection with the state appellate court's adverse decision, Philips sought writs from the Louisiana Supreme Court.  On April 30, 1999, the Louisiana Supreme Court granted Philips' writ in part, ordering that he be provided with a copy of his indictment, minutes, and guilty plea transcript.  State ex rel. Philips v. State, 741 So.2d 5 (La. 1999).[6]

Philips first sought federal habeas corpus relief when, on March 27, 2000, he filed his first habeas application, Philips v. Cain, CA 00-1250 "G"(5).  On October 30, 2000, the federal district

---

[5]A copy of Philips' June 19, 1996 petition for records, along with a copy of the state district court's June 25, 1996 order, is contained in the St. rec., vol. 3 of 5.

[6]Shortly thereafter, Philips sought to have the Louisiana Supreme Court reconsider its April 30, 1999 decision.  On September 17, 1999, the state high court denied Philips' motion for reconsideration.  State ex rel. Philips v. State, 747 So.2d 558 (La. 1999).

court entered judgment dismissing Philips' habeas petition without prejudice for failure to exhaust his state court remedies. <u>Id</u>.

Prior to the federal district court's judgment, on or about October 24, 2000, Philips filed with the state district court another application for post-conviction relief. On November 8, 2000, the state district court denied Philips' post-conviction application as untimely.[7]

Philips filed a writ application with the Louisiana Fifth Circuit Court of Appeal seeking relief in connection with the district court's adverse decision. The Louisiana Fifth Circuit, however, finding "no error in the trial court's ruling of November 8, 2000 on relator's Application for Post Conviction Relief", denied Philips' writ application. <u>State v. Philips</u>, No. 00-KH-1870 (La. App. 5th Cir. Dec. 8, 2000) (unpublished opinion). [8] The Louisiana Supreme Court, likewise, on September 21, 2001, denied Philips relief, citing La.C.Cr.P. art. 930.8, along with <u>State ex rel. Glover v. State</u>, 660 So.2d 1189 (La. 1995), and <u>State v. McKinney</u>, 406 So.2d 160, 161 (La. 1981). <u>State ex rel. Philips v. State</u>, 797 So.2d 71 (La. 2001).

On June 11, 2002, Philips filed with the state district court a "Motion to Vacate and Correct an Illegal Sentence Under La.

---

[7] Copies of Philips' application and the state district court's order are contained in the St. rec., vol. 4 of 5.

[8] A copy of the Louisiana Fifth Circuit Court of Appeal's unpublished decision is contained in the St. rec., vol. 4 of 5.

C.CR.P. Articles 872(2) & 882".  On June 13, 2002, the state district court issued an order directing Philips, "[i]n accordance with Louisiana Code [of] Criminal Procedure article 930.4F", to set forth his reasons for failing "to include the claims currently brought before the Court in his prior applications for post conviction relief."  Thereafter, on August 5, 2002, the state district judge issued a second order, observing that while Philips' "pleading is entitled a motion to correct an illegal sentence, in reality it is actually another post conviction relief application and as such is prescribed."  The court, however, "[o]ut of an abundance of caution", addressed the issues raised by Philips.[9]

Following the state district court's August 5, 2002 adverse decision, Philips filed a series of pleadings with both the state district and appellate courts.  Said pleadings did not render Philips the relief he sought and his effort in this regard culminated on March 24, 2005, when the Louisiana Supreme Court denied his writ application.  State ex rel. Philips v. State, 896 So.2d 1025 (La. 2005).

Philips filed the instant federal habeas corpus petition on March 27, 2005.  In its response, the State submits that the instant action is untimely.  For the following reasons, this Court agrees.

---

[9]A copy of Philips' motion, along with the district court's June 13th and August 5th, 2002 orders, are contained in the St. rec., vol. 4 of 5.

Because Philips' conviction became final on February 10, 1988, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), he had one year, or until April 24, 1997, within which  to file his habeas petition in this Court, Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), excluding any time that "... a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ..." was pending in the state courts. 28 U.S.C. §2244(d)(2).  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As reflected above, Philips had no applications for post-conviction relief or other collateral review pending before the state courts in the one-year grace period allowed by Flanagan.  The only pleading he filed during this period was a "Petition for Production of Public Records" which was filed with the state district court on or about June 19, 1996.  Such a pleading, wherein a petitioner seeks copies of state court records, is considered to be "preliminary in nature" and insufficient for purposes of interrupting prescription under 28 U.S.C. §2244(d)(2)because it does "not directly call into question the validity of [a petitioner's] conviction". Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) (citing Brisbon v. Cain, 2000 WL 45872, *2 (E.D. La. Jan.

7

18, 2000)); see also Finrock v. Mack, 1998 WL 823103, *1 (S.D. Ohio 1998).[10]  Philips' petition is thus untimely unless it is saved by statutory or equitable tolling.

Equitable tolling is a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  Though far from clear, Philips appears to argue in his habeas petition that he was prevented from timely bringing his claims by virtue of the fact that the State would not provide him with copies of necessary records.[11]  However, Philips fails to identify which documents he needed which were not timely provided and why these documents were necessary for purposes of seeking habeas corpus relief.  Clearly, he has failed to satisfy his burden of proving that he is entitled to equitable tolling. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (petitioner should bear burden of proving he is entitled to equitable tolling in the AEDPA context).  Accordingly;

## RECOMMENDATION

---

[10]Assuming, arguendo, that Philips' June, 1996 document request had interrupted prescription, because the request was pending for less than ten days, the state district court having adjudicated the matter on June 25, 1996, it would have been insufficient to render the instant action timely.

[11]Philips argument in this regard was gleaned from p. 4 of a "Brief" Philips filed with the Louisiana Supreme Court which is attached to his federal habeas petition as exhibit K.

It is hereby recommended that the instant application for federal habeas corpus relief be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __13th__ day of _____July_____, 2006.

_Alma L. Chasez_
UNITED STATES MAGISTRATE JUDGE