```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHAEL PHILIPS                                  CIVIL ACTION

VERSUS                                           NO. 05-1694

N. BURL CAIN, WARDEN                             SECTION "R" (5)
```

### ORDER AND REASONS

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, if necessary, and submitting proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Before the Court are petitioner's objections to the magistrate judge's report and recommendation.  Having reviewed *de novo* the petition, the record, the applicable law, the report and recommendation of the United States Magistrate Judge, and the petitioner's objections to the report and recommendation, the Court finds that the petition should be DISMISSED with prejudice.

**I.   BACKGROUND**

Petitioner Michael Philips is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Philips pled guilty in state court to first degree murder on February 5, 1988, and was subsequently sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. As Philips did not file a direct appeal of his conviction or sentence during the five-day appeal period granted under La. Code of Crim. Pro. art. 914(B)(1), his sentence became final on February 10, 1988. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that "the conviction becomes final when the time for seeking further direct review in the state court expires").

Petitioner's record then indicates a long history of collateral challenges to his conviction. On July 12, 1988, Philips filed a claim under 42 U.S.C. § 1983 in the Eastern District of Louisiana in which he complained of unlawful arrest, search, and seizure and a coerced confession. *See Philips v. Corley*, CA 88-2558 "D"(5). On July 19, 1989, Philips' *habeas*-related claims were dismissed for failure to exhaust available state court remedies, and the Section 1983 claims were dismissed with prejudice. *Id.* Philips filed an application for post-conviction with the state district court on August 30, 1988,

2

setting forth eight claims for relief. (State Rec., Vol. 2). On October 6, 1988, the state district court denied his claims. (*Id.*). The Louisiana Fifth Circuit Court of Appeal then ruled that Philips was not entitled to an appeal on November 8, 1988. *State v. Philips*, 88-KH-773 (La. Ct. App. 1988). On October 3, 1991, Philips filed another application for post-conviction relief with the state district court. (State Rec., Vol. 2). However, Philips provided no claims for relief with this application, but rather asked for an extension of time to seek post-conviction relief. (*Id.*). On November 14, 1991, the trial court denied Philips' motion for an extension of time, stating that La. Code of Crim. Pro. art. 930.8 did not permit an extension of time beyond his deadline of October 1, 1991 for filing an application for post-conviction relief. (*Id.*). Philips did not appeal this decision.

Almost five years later, on June 19, 1996, Philips filed a "Petition for Production of Public Records" with the state district court. (State Rec., Vol. 3). On June 25, 1996, the state district court granted his motion in part and denied it in part, ordering that he be provided with a copy of all minute entries. (*Id.*). Philips then filed a petition for writ of mandamus with the Louisiana Fifth Circuit Court of Appeal in October 1998, alleging that a motion for production of documents

that he purportedly had filed in the trial court on August 24, 1998 had yet to be acted upon. (State Rec., Vol. 2). On November 13, 1998, the state appellate court denied that petition on the grounds that the trial court possessed no record of such a motion from Philips. *Philips v. State*, No. 98-KH-1059 (La. Ct. App. 1998). Philips then sought writs from the Louisiana Supreme Court. On April 30, 1999, the Louisiana Supreme Court granted his writ in part, ordering that he be provided with a copy of his indictment, minutes, and guilty plea transcript. *State ex rel. Philips v. State*, 741 So.2d 5 (La. 1999).

Subsequently, Philips filed a *habeas* petition on March 27, 2000. (Civ. Docket No. 00-1250). On October 30, 2000, the federal district court denied his petition without prejudice for failure to exhaust state court remedies. (*Id.* at R. Doc. 9). Just before that dismissal, however, Philips filed another application for post-conviction relief with the state district court on October 24, 2000. (State Rec., Vol. 4). That application was dismissed as untimely on November 8, 2000. (*Id.*). Philips then appealed this dismissal to the Louisiana Fifth Circuit Court of Appeal, which upheld the state district court's ruling. (*Id.*). The Louisiana Supreme Court then upheld the denial of Philips' application as untimely on September 21, 2001. *State ex rel. Philips v. State*, 797 So.2d 71 (La. 2001).

Philips then attacked his conviction again in the state courts beginning on June 11, 2002. (State Rec., Vol. 4). This final set of proceedings culminated on March 24, 2005 when the Louisiana Supreme Court denied his writ application. *State ex. rel. Philips v. State*, 896 So.2d 1025 (La. 2005). Philips then filed the instant federal *habeas* petition in this Court on May 4, 2005.

## II.  DISCUSSION

Congress enacted a strict statute of limitations for *habeas corpus* proceedings as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996). Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For petitioners whose convictions became final prior to the AEDPA's effective date, the Fifth Circuit has held that the one-year limitation period runs from the April 24, 1996 effective date of the AEDPA, and not from the date the state court judgment became final. *See Flanagan v.*

*Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  Here, Philips qualifies for the one-year grace period because his judgment became final on February 10, 1988, approximately eight years before the AEDPA became effective.  Therefore, he had until April 24, 1997 to petition for *habeas* relief.  He filed this petition on May 4, 2005, more than eight years past the deadline.

AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review of the judgment under which the petitioner is incarcerated is pending. 28 U.S.C. § 2244(d)(2); *see Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).  However, between April 24, 1996 and April 24, 1997, Philips did not have a properly filed application for post-conviction relief pending in state court.  During this time period, Philips did file a "Petition for Production of Public Records," in which he sought various documents related to his case.  "Such motions, however, are not considered 'other collateral review' which would entitle a petitioner to statutory tolling under Section 2244(d)(2)."  *Dennis v. Cain*, No. 04-2005, 2005 WL 3588707, slip op. at *5 (E.D. La. Nov. 14, 2005); *see also Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (holding that a motion requesting documents did not toll the limitation period under Section 2244(d)(2)

because "it was preliminary in nature and did not directly call into question Gerrets' conviction or sentence"). The limitations period therefore expired on April 24, 1997, unless it was equitably tolled.

Equitable tolling applies only in rare and exceptional circumstances when strict application of the statute of limitations would prove inequitable. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). As noted by the Fifth Circuit, "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Court finds that petitioner's allegations do not merit equitable tolling because Philips has not been prevented from asserting his rights. The gravamen of Philips' petition and objection to the magistrate report appears to be that the state's failure to provide him with unidentified documents from his trial prevented him from pursuing his claims that 1) he was convicted by an unconstitutionally selected grand jury, and 2) he was denied effective assistance of counsel based on his counsel's failure to prepare a proper defense. Petitioner, however, has

offered no proof that the state's purported failure to provide Philips with documents that he does not identify constituted actively misleading conduct, prevented Philips in some extraordinary way from asserting his rights, and thus warranted equitable tolling. Philips' *habeas* petition is therefore untimely as he did not file it within the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the foregoing reasons, the Court approves the Report and Recommendation of the United States Magistrate Judge and dismisses with prejudice Michael Philips' petition for federal *habeas corpus* relief.

New Orleans, Louisiana, this  11th  day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT